**IN THE COURT OF APPEALS OF IOWA**

No. 18-0054
Filed October 10, 2018

IN RE THE MARRIAGE OF KELLY LYNN ROHDE
AND JARED EUGENE ROHDE

Upon the Petition of
**KELLY LYNN ROHDE,**
        Petitioner-Appellee,

**And Concerning**
**JARED EUGENE ROHDE,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

        Jared Rohde appeals from the district court's modification of the decree dissolving his marriage to Kelly Rohde. **AFFIRMED.**

        Jaclyn M. Zimmerman of Grefe & Sidney, P.L.C., Des Moines, for appellant.

        Amanda Green of Nading Law Firm, Ankeny, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Jared Rohde appeals from the district court's modification of the decree dissolving his marriage to Kelly Rohde. Jared challenges the court's failure to include the extraordinary visitation credit in calculating his child support obligation as provided under the Child Support Guidelines. He also asserts the district court should not have awarded Kelly any trial attorney fees. Both parties seek appellate attorney fees. Upon our de novo review we affirm.

## I. *Background Facts and Proceedings*.

In 2014, the district court entered a decree dissolving Jared and Kelly's nine-year marriage. The court approved and incorporated into the decree the parties' "Stipulation and Agreement." The parties agreed they would share joint legal custody of their two minor children, with the children placed in Kelly's physical care. An included schedule set forth the minimal visitation time Jared was to have with the children:

> **Visitation Schedule.** Jared is awarded reasonable and liberal visitation with the minor children as follows:
> **While School is in Session:** Jared shall have visitation with the minor children the every other weekend commencing Friday after school (or 8:00 am, if no school) until Sunday night at 6:00 pm. and every Wednesday evening from 5:00 pm. to 8:00 pm.
> **During the Children's Summer Break from School:** Each party is awarded two (2) consecutive weeks during the summer. The parties shall notify each other in writing. In even-numbered years Kelly shall give notice of her selected weeks to Jared in by June 1 and Jared shall give notice to Kelly by June 15. In odd-numbered years Jared shall give Kelly notice of his selected weeks by June 1 and Kelly shall give Jared notice of her selected weeks by June 15.

An agreed upon holiday parenting schedule was also included in the decree. The court determined Jared's child support obligation under the Child Support

Guidelines was $1921.00 per month for two children and $1341.00 per month for one child.

In January 2017, Jared filed an application seeking modification of the decree, asserting a substantial change in circumstances since entry of the decree had occurred, including allegations that Kelly had failed to communicate with Jared, failed to foster his relationship with the children, and failed to adhere to the parties' agreed visitation schedule. Jared requested the children be placed in his care or in the parties' shared care, if the court found the latter option to be in the children's best interests. Additionally, Jared requested, among other things, that if the court found continued placement with Kelly was in the children's best interests, the visitation schedule be modified to afford him maximum continuing contact with the children. Kelly answered, denying the substantive claims of Jared's application. However, she agreed there had been a substantial change in circumstances since entry of the decree relating to the parties' income, and she requested Jared's child support obligation be modified. She also requested Jared be ordered to pay a reasonable portion of her attorney fees. In April 2017, the court entered an order approving the parties' temporary stipulation and agreement that Jared would pay $2300 per month in child support. Prior to trial, Jared amended his application for modification by removing his requests for placement of the children in his physical care or for shared physical care.

Trial was held in August 2017 on the issues of Jared's request to increase visitation and Kelly's request for modification of child support. On September 19, 2017, the court entered its order modifying the 2014 decree. The order increased

Jared's visitation with the children and his child support obligation. The court ordered the following visitation schedule:

**<u>Visitation:</u>**

a. Every other weekend from Friday beginning immediately after school, or at 8:00 a.m., if there is no school, until Monday, when the minor children are delivered to school/daycare, or until 8:00 a.m., if there is no school/daycare.

b. Week one (the week leading into [Jared's] weekend visitation in paragraph "a.": On Wednesday, beginning immediately after school, or beginning at 5:00 p.m., if there is no school, until Thursday, when the minor children are delivered to school/daycare, or until 8:00 a.m., if there is no school/daycare.

c. Week two (the week following [Jared's] weekend visitation in paragraph "a.". On Tuesday, beginning immediately after school, or beginning at 5:00 p.m., if there is no school, until Thursday, when the minor children are delivered to school/daycare, or until 8:00 a.m., if there is no school/daycare.

**<u>Holiday and Special Day Parenting Time:</u>**

All other provisions concerning holiday and other special day parenting time shall remain consistent with the parties' [original decree], unless otherwise set-forth below:

a. Beggar's Night: The parties shall alternate in having the children for Beggar's Night; odd-numbered years shall be with [Kelly] in [Kelly's] residential community from immediately after school until 8:00 p.m. and even-numbered years shall be with [Jared] in [Jared's] residential community, from immediately after school until 8:00 p.m.

b. Children's Birthdays: The parties shall alternate in having the minor children for their birthdays every other year and acknowledge that the minor children have the same birthdate. Parenting time shall be from 8:00 a.m. if there is no school/daycare or from immediately after school/daycare, and continuing until the following day when the minor children are delivered to school/daycare or until 8:00 a.m. if there is no school/daycare. [Kelly] shall have the minor children on E.R. and J.R.'s birthday in odd-numbered years and [Jared] shall have the minor children on E.R. and J.R.'s birthday in even numbered years.

**<u>Summer Break Parenting Time:</u>**

The parties shall continue to select and exercise their two (2 Summer Break Parenting Time The parties shall continue to select and exercise their two (2) two-week periods of Summer Break parenting time in keeping with the provisions contained in their original [decree].

The parties were encouraged to work together to accommodate a requested change of schedule, but the court directed that if the parties could not reach a mutual agreement, they were to follow the regular schedule.

The court found Kelly's annual income to be $7000 and Jared's $212,000. Finding a substantial injustice would occur if the parties' earning capacities rather than their actual earnings were used, the court determined Jared's child support obligation under the Child Support Guidelines was $2249.47 per month for two children and $1548.97 for one child. The court ordered Jared to pay $5000 of Kelly's trial attorney fees.

Jared subsequently filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) asking the court amend and enlarge the modification order. Jared asserted the court's modified visitation schedule increased his number of overnight visits, qualifying him for application of the extraordinary visitation credit under the guidelines. He noted the court's child-support-obligation calculation did not include the credit, and no explanation for this was provided. Jared requested the court amend its order to recalculate his support obligation. Jared also requested the court reconsider its award of attorney fees to Kelly, arguing that he was the prevailing party in the case and should not be required to pay her fees.

Kelly resisted, though she agreed with Jared that, under the guidelines, the court was required to make a finding of fact supporting its decision to deviate from the guidelines to omit application of the extraordinary visitation credit. Kelly asserted a deviation from the guidelines was necessary to avoid causing her severe financial hardship. She requested the court amend its order to include such factual finding to support the deviation from the guidelines.

The court denied Jared's motion on December 12, 2017. The court found Jared was only seeking "to rehash legal issues raised and decided adversely to [him] and no underlying factual issue remains." The court did not address the matter any further.

On January 8, 2018, Jared filed his notice of appeal; more than thirty days from the date of the filing of the modification order, but within thirty days of the denial of his rule 1.904(2) motion.

## II. Discussion.

Jared preemptively contends his appeal is properly before this court, insisting his rule 1.904(2) motion was not a mere rehashing of the legal arguments raised at trial and thus the time for filing the notice of appeal did not begin to run until the district court filed its ruling on the motion. Jared further argues the court should have applied the extraordinary visitation credit, and he requests the child support award be vacated and recalculated. He also asserts he was the prevailing party in the district court case, and the district court erred by awarding trial attorney fees to Kelly. Both Jared and Kelly request appellate attorney fees.

### A. Jurisdiction.

"The timeliness of the filing of a notice of appeal is a jurisdictional question." *Homan v. Branstad*, 887 N.W.2d 153, 159 (Iowa 2016). Generally, a notice of appeal must be filed within thirty days from the entry of a final order or judgment. *See* Iowa R. App. P. 6.101(1)(b). A timely rule 1.904(2) motion extends the time for appeal such that the appeal must be filed within thirty days of the filing of the district court ruling on that motion. *Id.*

Kelly argues because Jared's motion raised legal issues and not issues of fact for the court to reconsider, the motion was not a proper motion and did not toll the time to file the appeal. Thus, Kelly asserts the appeal is untimely. We disagree.

Iowa Rules of Civil Procedure 6.101(1) and 1.904 were amended in November 2016. Rule 6.101(1)(c) now provides: "[A] motion is considered timely if it has been filed by the applicable deadline and asks the court to reconsider, enlarge, or amend its order, ruling, judgment, or decree. Whether a motion is proper or not does not affect its timeliness." Rules 1.904(3) and 1.904(4) were added. Rule 1.904(3) provides: "In addition to proceedings encompassed by rule 1.904(1), a rule 1.904(2) motion to reconsider, enlarge, or amend another court order, ruling, judgment, or decree will be considered timely if filed within 15 days after the filing of the order, ruling, judgment, or decree to which it is directed." These rule changes took effect on March 1, 2017. The comment to rule 1.904 explicitly states that,

> Rules 1.904(3) and 1.904(4) supersede prior case law that held a timely rule 1.904(2) motion must also have been "proper" to extend the time for appeal. To obviate controversies over whether a rule 1.904(2) motion tolls the time for appeal, the rule authorizes any timely rule 1.904(2) motion to extend the appeal deadline, subject to one exception in rule 1.904(4).

(Internal citation omitted). The comment to rule 6.101(1)(c) mirrors this comment. These rule changes were in effect when the district court's initial modification ruling was entered in September 2017. Jared timely filed his rule 1.904(2) motion. Under the amended rule, it matters not whether his motion was "proper." The time for filing his notice of appeal was tolled and did not begin to run until the court ruled

on his motion. That was December 12, 2017. His notice of appeal was filed a few weeks later on January 8, 2018. His notice of appeal was timely filed.

Moreover, it is clear the rule 1.904(2) motion was "proper." The district court did not explain why it failed to include the credit in its child support calculation in the modification order. Kelly even conceded this fact in her response and requested the court rule on the matter. The district court did not, and in denying the motion, concluded Jared's motion "seeks only to rehash legal issues raised and decided adversely to her and no underlying factual issue remains." The comments to the amended rules reflect an intent to eliminate disputes such as this one. Because Jared's notice of appeal was timely filed, we have jurisdiction to hear his claims.

### B. Child Support.

We review a district court's modification of a decree, including child-support provisions, de novo. *See In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006); *In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998). We are not bound by the district court's findings, but we do give weight to those fact-findings, particularly its credibility findings. *See McKenzie*, 709 N.W.2d at 531. Moreover, "we recognize that the district court 'has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *Id*. (cleaned up).[1] Ultimately, the "controlling consideration" is the children's best interests*. See In re Marriage of*

---

[1] "Cleaned up" is a relatively new parenthetical used to indicate that internal quotation marks, alterations, and citations have been omitted from quotations for readability purposes. *See United States v. Steward*, 880 F.3d 983, 986 n.3 (8th Cir. 2018); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (Fall 2017).

*Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). This allows appellate courts "the flexibility necessary to consider unique custody issues on a case-by-case basis." *See id.* (cleaned up).

The child support guidelines adopted by the Iowa Supreme Court provide for an "extraordinary visitation credit" if the noncustodial parent's court-ordered visitation exceeds 127 days per year. *See* Iowa Ct. R. 9.9. For the purpose of this credit, "days" means overnights spent caring for the child. *Id.* Kelly does not dispute Jared's increased visitation under the modified schedule meets the requirement of the rule. However, she argues she, a stay at home mother whose income is substantially lower than Jared's, would suffer a financial hardship if the credit were to be included in the calculation. She also notes Jared stated at trial that he did not care about the child support. She asserts "[t]here was sufficient testimony to support the court's order" or "[a]t most, this matter should be remanded to the trial court to include a specific written finding about the deviation from the guidelines."

It is clear there is "a rebuttable presumption that the amount of child support which would result from the application of the guidelines . . . is the correct amount of child support to be awarded." Iowa Code § 598.21B(2)(c) (2017); *In re Marriage of Mihm*, 842 N.W.2d 378, 384 (Iowa 2014). Specifically, the guidelines's purpose "is to provide for the best interests of the children by recognizing the duty of both parents to provide adequate support for their children in proportion to their respective incomes." Iowa Ct. R. 9.3(1). The guidelines normally provide reasonable support. *See id.*

Rule 9.9 states if the noncustodial parent's court-ordered visitation exceeds 127 days per year, the noncustodial parent "shall" receive the extraordinary visitation credit. *See* Iowa Code § 4.1(30)(a) (stating the legislature's use of the word "shall" imposes a duty); *In re Marriage of Thatcher*, 864 N.W.2d 533, 539 (Iowa 2015) ("In a statute, the word 'shall' generally connotes a mandatory duty." (citation omitted)). When applicable, the credit is mandatory—unless the court finds the credit to be unjust or inappropriate under the circumstances. "A variation from the guidelines shall not be considered by a court without a record or written finding, based on stated reasons, that the guidelines would be unjust or inappropriate . . . ." Iowa Code § 598.21B(2)(d).

At trial Jared testified, "I just want to say one thing. I don't care about the child support." He agreed he was not really concerned what his child support was set at. He was asked, "So you would stipulate today that your child support would stay where it is right now?" Jared responded, "I would." He acknowledged the extraordinary visitation credit would decrease the money Kelly had to care for the children and that the children's overnight visits with him would not decrease her expenses. Jared, understanding that the extraordinary visitation credit would reduce his child support obligation, said Kelly "can have the child support money." In view of his trial testimony, it seems disingenuous that Jared would assert the district court erred in failing to incorporate the extraordinary visitation credit in the child support award.

Although the district court did not make a written finding or record stating reasons for deviating from the guidelines when it did not apply the extraordinary visitation credit, we review the matter de novo. After reviewing the record, and

considered the unique custody issues in this case, the disparity in incomes of the parties, and Jared's testimony, we find it was equitable *not* to apply the extraordinary credit to Jared's child support obligation. We therefore affirm the district court's child support award.

### C. Trial Attorney Fees.

Jared argues the district court erred in awarding Kelly $5000 for trial attorney fees, asserting he prevailed in the matter. Pursuant to Iowa Code section 598.36, attorney fees on modification may be awarded to a prevailing party at the court's discretion. "[W]e give the district court considerable discretion in determining whether it should award fees at the district court level." *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). An abuse of discretion occurs when the district court exercises its discretion "on grounds or for reasons that are clearly untenable or to an extent clearly unreasonable." *State v. Nelson*, 791 N.W.2d 414, 419 (Iowa 2010); *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

Though Jared's visitation with the children was increased, Kelly was also successful modifying the child support obligation. Considering the parties' relative incomes and other relevant factors, we cannot say the court's award of $5000 in attorney fees to Kelly was clearly untenable or to an extent clearly unreasonable. Consequently, Jared has failed to show the court's trial attorney fee award was an abuse of its discretion.

### D. Appellate Attorney Fees.

Finally, both parties have requested an award of appellate attorney fees. On appeal, "attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We

consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *See id.* Here, Jared was the prevailing party on one of the issues. Considering pertinent factors, we decline to award attorney fees on appeal to either party.

### III. Conclusion.

We affirm the district court's order. Any costs on appeal are assessed equally.

**AFFIRMED.**